CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 29 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JO ANNA BUNDICK, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:10-cv-123 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JOHN DOE, et al., ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendants. ) | |

This diversity case alleges that the defendant John Doe negligently operated a tractor trailer truck while in the employ of Schneider National Carriers ("Schneider") and thereby caused an accident and one million dollars' worth of damages to the plaintiff. Schneider has moved under Federal Rule of Civil Procedure 56 for summary judgment—which, for the following reasons, will be denied.

## Factual Background

Taken in the light most favorable to the non-moving party, see Terry's Floor Fashions, Inc. v. Burlington Indus., Inc., 763 F.2d 604, 610 (4th Cir. 1985), the relevant facts are as follows:

At approximately 6:45 a.m. on July 9, 2010, Jo Anna Bundick, the plaintiff, was driving her 1995 Plymouth Neon in the right lane of southbound Interstate 81 near the City of Harrisonburg, Virginia en route to an examination at Blue Ridge Community College. Traveling some distance in front of her in the same lane was a tractor trailer truck driven by defendant John Doe. As the truck began to ascend an incline, it began to move somewhat more slowly than Bundick, and Bundick decided to pass it. According to Bundick, she checked her rear-view mirror, looked over her left shoulder, checked her mirror again, and merged into the left lane to

complete the maneuver. As she began to pass the truck, however, it moved into her lane of travel, causing the rear left side of the trailer to strike the front right side of Bundick's vehicle. The impact caused Bundick's car to spin in circles approximately four times before coming to a rest on the right shoulder of the roadway.

Doe did not stop his truck, nor did Bundick manage to record his license plate number. Nor are there any known witnesses to the accident other than Bundick and the truck driver. Bundick did, however, observe that the truck had an orange cab and a white trailer, and informed both the first responder (concerned citizen Crystal Dupree) and the investigating state trooper of those facts.

Although she failed to inform Dupree and the state trooper of any further information identifying the allegedly-rogue truck at the time of the collision, Bundick now asserts that she also noticed that the cab bore a distinctive logo featuring white dashes sandwiched between two black stripes, resembling a roadway. Several days after the collision, Bundick saw another tractor trailer with the same distinctive roadway design. That cab had the word "Schneider" written on it. Bundick then went to the Walmart distribution center located next to I-81 in Mount Crawford, Virginia, where she saw a number of orange Schneider trucks sporting the same distinctive roadway design along with the name "Schneider." (Bundick Aff. ¶¶ 10-12.) Shortly after the accident, Bundick also allegedly made some handwritten notes pertaining to it, which contain references such as "orange tractor trailer — Schillingers," "yellow / orange / faded / Schn / Schl ?" and a drawing of an S-shaped roadway design amidst an assortment of apparently unrelated notations. (Docket No. 29-1 at 4-5.)

Bundick filed suit on October 15, 2010 in the Circuit Court for Rockingham County, alleging two counts of negligence. The first count asserts that defendant Doe acted negligently and "was an agent and employee of defendant Schneider National Carriers, Inc., and was performing his duties within the scope of his employment." (Compl. at ¶ 5.) The second count asserts, "[i]n the alternative," that defendant Doe acted negligently and "was driving a tractor trailer not owned by defendant Schneider National." (Compl. at ¶ 10.)

Defendant Schneider National Carriers, Inc. ("Schneider") filed an answer in state court and subsequently removed the case to this court on the basis of diversity of citizenship. Schneider is a Nevada corporation with its principal place of business in Wisconsin, while Bundick is a citizen of Virginia. John Doe's citizenship is unknown. Bundick seeks $1 million in damages.

On March 16, 2011, Schneider moved for summary judgment. After an in-chambers hearing on the motion for summary judgment, the court permitted Bundick to file an additional brief in opposition; the defendants then responded. A hearing on the record was conducted in light of the supplemented record, and the motion was submitted to the court for its ruling.

## Discussion

An award of summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A fact is material if it might affect the outcome of the suit under governing law. Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986). For a party's evidence to raise a "genuine" issue of material fact sufficient to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." Id. In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994).

Once the moving party has met its initial burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to show that there is more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Thus, to forestall summary judgment, the nonmoving party must set forth "specific facts" amounting to more than a "mere . . . scintilla of evidence." Anderson, 477 U.S. at 248, 252. Nor can the nonmoving party "create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) (citing Barwick v. Celotex Corp., 736 F.2d 946, 963 (4th Cir. 1984)). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." Matsushita, 475 U.S. at 587. On the other hand, if reasonable minds could differ as to the import of the evidence, summary judgment must be denied. Anderson, 477 U.S. at 250.

Schneider's present motion raises only a narrow issue: whether the evidence corralled by Bundick establishes a genuine dispute about the identity of the tractor trailer driven by Doe. See Docket No. 29 at 3 n. 3. Schneider argues that it does not, given that Bundick told the first responders only that the truck was orange, not that it belonged to Schneider; that many of the orange tractor trailers traveling on I-81 belong to companies other than Schneider; and that there

is no evidence that one of the Schneider vehicles seen by Bundick days after the collision was the one that had previously struck her. Thus, Schneider contends that "there is no evidence from any source that Schneider was involved" in the collision. (Docket No. 29 at 2.)

But Schneider rather overstates its case. It is simply not true, as Schneider has argued, that Bundick's leveling of blame at Schneider is pure, conjectural speculation based merely on the color of the tractor. Taking the facts in the light most favorable to Bundick, as the court must at this point, it is obvious that she isn't "speculating" about the identity of the truck based solely on a color (orange) which may be common to Schneider and many other carriers. Instead, she claims to have perceived distinctive and unique markings that, in conjunction with the orange cab color, make it almost a dead certainty, if she is to be believed, that the truck she saw hit her actually belonged to Schneider.

There is little doubt that testimony at this level of detail is sufficient to generate a triable issue as to the identity of a hitherto-unknown automobile driver. In Motor Club of America Ins. Co. v. Hanifi, 145 F.3d 170 (4th Cir. 1998), for example, eyewitness testimony describing the color of a car and the fact that it bore New York license plates was deemed sufficient to generate a genuine dispute regarding the identity of the car and its driver. Id. at 176. Schneider's attempt to distinguish Hanifi as involving testimony from multiple eyewitnesses instead of only one is an exercise in irrelevance. The testimony of a single witness is sufficient to overcome summary judgment where it is not conclusory and puts material facts into dispute. Arrington v. United States, 473 F.3d 329, 337-38 (D.C. Cir. 2006); Vance v. Union Planters Corp., 209 F.3d 438, 442 (5th Cir.2000); Merchant v. Fairfax County, Va., --- F. Supp. 2d ----, 2011 WL 1396780, at *n. 9 (E.D. Va. Apr. 11, 2011) (slip op.). This is true even where the plaintiff is the sole witness

5

supporting her factual assertions. Gray v. Spillman, 925 F.2d 90, 95 (4th Cir. 1991); Willis v. Town of Marshall, North Carolina, 275 F. App'x 227, 235 n. 4 (4th Cir. 2008); Lucas Automotive Engineering, Inc. v. Bridgestone/Firestone, Inc., 275 F.3d 762, 768 n. 3 (9th Cir. 2001).

Nor can it be maintained that Bundick assembled her detailed identification of Doe's truck merely through speculation unmoored to facts. It borders on the absurd to suggest that the results of Bundick's investigation into the identity of the truck, which involved hunting down other trucks using the same logo in order to determine the name of their parent company, are products of pure conjecture. The manner by which Bundick eventually discovered that Schneider's color-scheme and logo matched those that were on the truck that struck her does not, in itself, compel the conclusion that her findings are mere guesswork. To be sure, it may be an entirely different matter whether the jury credits Bundick's allegations that she saw the Schneider logo on Doe's truck before she embarked on her subsequent investigation or finds instead that her subsequent identification was mistaken. But, assuming that Bundick's version of events is true, Bundick's subsequent inquiries simply gave her a name to associate with the distinctive markings that she had previously seen—just as a plaintiff in any mine run case may inquire of bystanders or public records in order to put a name to a face. And, of course, the court cannot conclude that the results of such an investigation are utter guesswork—and therefore insufficient as a matter of law—simply because Bundick managed at the time of the collision to see the Schneider logo but not the typeface, or because she ascertained only the first three letters of the company's name but not the last six.

Finally, the fact that each of the trucks seen by Bundick at the Walmart distribution center may not have been involved in the collision means very little, if anything. Schneider does not appear to dispute that the trucks or the logos observed by Bundick did, in fact, belong to Schneider. Bundick's testimony alone is sufficient to establish for purposes of forestalling summary judgment that the truck that struck her bore distinctive markings that are common to the Schneider coloring and logo. While Bundick certainly would have been well-advised for purposes of this motion to propound more evidence suggesting that the markings seen by Bundick are unique to Schneider, there is nothing to suggest otherwise.

At this stage, therefore, Bundick's assertions about the identity of the truck that struck her car could fail to raise a genuine issue of fact only if they were flatly incredible. But her case obviously cannot be ended on that ground because credibility determinations may not be made on summary judgment. Smith v. Ozmint, 578 F.3d 246, 254 (4th Cir. 2009). Thus, to the extent that Schneider urges the court to discount Bundick's testimony because she is the only witness who saw the truck that collided with her, because her statements are self-serving, because her purported notes may not be contemporaneous or made in her handwriting, or because her reference to "Schillingers" may pertain to a different trucking company altogether, its arguments are not cognizable on a motion for summary judgment. Each of these weaknesses in Bundick's factual assertions may well be a fruitful source for probing via cross-examination. But simply because Bundick's facts may be subject to attack does not mean that no reasonable juror could credit them, as a matter of law. Gray, 925 F.2d at 95 ("It is not our job to weigh the evidence . . . or to disregard stories that seem hard to believe. Those tasks are for the jury.") (citation omitted).

To the extent that Schneider relies on cases such as <u>Lawson v. Doe</u>, 391 S.E.2d 333, 335 (Va. 1990), and <u>Guthrie v. Carter</u>, 57 S.E.2d 45, 47 (Va. 1950) for the proposition that negligence on the part of the defendant generally cannot be proved by the mere fact that a collision occurred, it is absolutely correct. But both of those cases are not on point, because they each involved an evidentiary defect that is not present in the case at hand. In <u>Lawson</u>, for example, the decedent was killed when struck by a board while walking on the side of a road, but the plaintiff offered no proof whatsoever regarding where the decedent was walking or whether the board came from a vehicle, extended an unlawful distance beyond the vehicle's side, or was dislodged by some unknown, non-negligent force before it struck him. 391 S.E.2d at 335. The Court held that the plaintiff had not demonstrated negligence on the part of the unknown driver due to the plaintiff's failure to demonstrate "why and how the accident happened." <u>Id</u>. Similarly, in <u>Guthrie</u>, the Court held that the plaintiff had not demonstrated negligence because the plaintiff could not remember where he was walking when he was struck by the defendant's car, and there was no other evidence to show that the defendant had acted negligently. 57 S.E.2d at 47 (Va. 1950).

Here, by contrast, Bundick swears that, while she was passing Doe in the left lane, Doe merged his truck into her lane of traffic, striking her car and sending it careening off the road. Unlike in <u>Lawson</u> and <u>Guthrie</u>, there is no fundamental confusion in this case over whether Bundick's evidence is sufficient to show that someone acted negligently; the only realm of ambiguity—for purposes of the present motion—is who that negligent someone was. Of course, if no reasonable juror could find that a Schneider truck was involved in the collision even after construing the evidence in the light most favorable to Bundick, summary judgment would indeed

be proper. Cf. Doe v. Terry, 639 S.E.2d 197, 201 (Va. 2007) ("The plaintiff does not know whether the unknown driver of the car threw the bottle or whether a passenger threw the bottle. He has no idea who threw the bottle."). But, as explained above, Bundick's representations are certainly enough to forestall summary judgment on that score.

Finally, the court notes that discovery in this case is not yet closed, nor was it when Schneider's motion was first filed. (Docket Nos. 8, 33.) Of course, summary judgment must be "refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Anderson, 477 U.S. at 250 n. 5. See also Fed. R. Civ. P. 56(d); Williams v. Giant Food Inc., 370 F.3d 423, 433 (4th Cir. 2004).

## V. Conclusion

For the foregoing reasons, the motion for summary judgment filed by Schneider will be denied, as will its motion for entry of an order. (Docket No. 18.)

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 28th day of June, 2011.

_____
Chief United States District Judge